# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PRAMCO CV9, LLC,<br><br>    Plaintiff,<br><br>        vs.<br><br>ROBERTO KUTCHER OLIVO, FLOR DÍAZ FONTÁN and the CONJUGAL PARTNERSHIP between them,<br><br>    Defendants. | **CIVIL CASE NO. 08-01857(JAG)**<br><br><br><br>COLLECTION OF MONIES AND FORECLOSURE OF MORTGAGE |

**JUDGMENT BY DEFAULT**

**I.**

On August 7, 2008, Plaintiff PRAMCO CV9, LLC (hereinafter, "Pramco") filed the instant Complaint against Roberto Kutcher Olivo and Flor Díaz Fontán (hereinafter, "Defendants"), for their non-compliance with the terms and conditions of a loan for the amount of SIX HUNDRED AND THIRTY THOUSAND DOLLARS ($630,000.00), executed on August 31, 2005 by Defendants. The instant Complaint was amended and refiled on August 27, 2008.

Plaintiff requested the Court's leave to serve Defendants Roberto Kutcher Olivo and Flor Díaz Fontán by publication due to the fact that they live outside of Puerto Rico, specifically in the continental United States. Said request was granted by the Court on December 8, 2008. In accordance with the provisions of Rules 4.5 and 4.7 of the Rules of Civil Procedure for the

Commonwealth of Puerto Rico, on February 14, 2009, Defendants Roberto Kutcher Olivo, Flor Díaz Fontán and their conjugal partnership were served by publication. Furthermore, as required by Puerto Rico Rule of Procedure 4.5, 32 L.P.R.A. Ap. III, on February 20, 2009, Pramco sent copies of the Complaint and Summons to defendants' last known address. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), Defendants were required to serve their answer, or otherwise plead to the Complaint by March 16, 2009.

Because Defendants did not appear before this Court to defend, or otherwise respond to the allegations in the Complaint, even after the expiration of the Rule 12(a)(1)(A) period, on April 7, 2009, Pramco requested that Defendants' default be entered, a request that the Court and its Clerk granted on April 17, 2009. Accordingly, on April 29, 2009, Pramco filed its request for default judgment.

Defendant failed to defend themselves against Pramco's claims in the instant case. The detailed sufficiency of the Complaint, the undisputable nature of the facts of this collection action, pursuant to the filed documents and the filed affidavit make default judgment the appropriate remedy.

**II.**

1. As alleged in the Complaint and evidenced by the documents attached to the Motion Requesting Default Judgment, on

August 31, 2005, Defendants obtained a loan from the R & G Mortgage Corporation, and executed a Mortgage Note in the amount of SIX HUNDRED AND THIRTY THOUSAND DOLLARS ($630,000.00), repayable with an interest rate of 6.25% per year.

2. As guarantee of the loan's repayment obligation evidenced by the aforementioned Mortgage Note, Defendant executed Mortgage Deed number 327 before Notary Public Mario Quintero Pintor, encumbering property No. 17,773 ("El Legado Condominium Regime I, Apartment 222, Guayama, Puerto Rico"), which has been presented before the Puerto Rico Property Registry, at Entry No. 919 of book 622, owned by Defendants Roberto Kutcher Olivo and Flor Díaz Fontán.

3. Said mortgage deed executed by the Defendants has been presented before the Registry of Property of Puerto Rico, under the property which description, in the Spanish language is:

> "**HORIZONTAL PROPERTY:** Apartment Number 222: Rectangular shaped 1 bedroom unit in El Legado Condominium Regime I, located at Jobos Ward of the Municipality of Guayama, Puerto Rico, with a total area of 724.6181 square feet, equivalent to 67.3192 square meters, distributed in 639.2014 square feet, equivalent to 59.3833 square meters of enclosed area and 85.4167 square feet, equivalent to 7.935447 square meters of balcony. The main entrance is located the South East side of the apartment leading to the common exterior hallway. This apartment is located on Building number 2 of the Regime, occupies part of the second floor of the building and has been assigned to it a share of 0.33% in the common elements of the Regime. The maximum width is 8.89 meters. Its boundaries are by the **NORTH**, in a distance of 6.45 meters, with the common wall that separates it from apartment number 221 and in a

distance of 1.90 meters with the common exterior area; by the **SOUTH**, in a distance of 8.43 meters, with the common wall that separates it from apartment number 223; by the **EAST**, in a distance of 5.59 meters, with the common wall that separates it from apartment number 221 and in a distance of 3.50 meters, with the lobby common area; and by the **WEST**, in a distance of 8.89 meters, with the common exterior area."

5. Pramco is the owner and holder of the aforementioned Mortgage Note having acquired it from R & G Mortgage Corporation.

6. Defendants defaulted on their repayment obligations to Pramco and, for said reason Pramco accelerated the debt and declared due the obligation under the mortgage note.

7. As of April 8, 2009, Defendants owe Pramco the principal amount of $613,685.32, interests in the amount of $61,475.08 which continue to accrue by the fluctuating rate on a daily basis in the amount of $106.54, late charges of $2,909.25, and $63,000.00 in contractually agreed-upon attorneys' fees and legal costs, for a total amount of $741,069.65.

**III.**

This Court has jurisdiction to entertain the claims pleaded herein under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and, for diversity purposes, Plaintiff is a citizen of New York City, State of New York and Defendants are citizens of the Commonwealth of Puerto Rico

Plaintiff Pramco is an incorporated entity organized under the laws of the State of Delaware and exists under the laws of the State of New York, having its principal office in New York City, New York. Defendants Roberto Kutcher Olivo and Flor Díaz Fontán Luis are citizens of the Commonwealth of Puerto Rico.

For diversity jurisdiction purposes, citizenship of a corporation is determined by its principal place of business and, if different, the jurisdiction in which it is incorporated. See Díaz Rodríguez v. Pep-Boys Corp., 410 F.3d 56, 61-62 (1st Cir. 2005).

Venue is proper in this district pursuant to 28 U.S.C. § 1391 (a), (b), and (c) since all operative facts alleged herein were committed within the Commonwealth of Puerto Rico and Defendants are residents and citizens of the Commonwealth of Puerto Rico, thus being subject to personal jurisdiction in the Commonwealth of Puerto Rico.

Defendant is indebted to Pramco for the loan granted on August 31, 2005, which is past due and payable. Defendants breached their repayment obligations with Pramco. Under Article 1044 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 2994, "Obligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations." Moreover, "[t]he validity and fulfillment of contracts cannot be left to the will of one of the contracting parties." 31 L.P.R.A. § 3373 Article 1208 of the

Civil Code of Puerto Rico.

Contracts in the Commonwealth of Puerto Rico are created as long as the following requisites exist: (1) the consent of the contracting parties; (2) a definite object which may be the subject of the contract; and (3) the cause for the obligation which may be established. 31 L.P.R.A. § 3391; See <u>Neca Mortg. Corp. v. A & W Dev. S.E.</u>, 137 D.P.R. 860, 871 (1995). Furthermore, in clarification of § 3391, § 3401 states in relevant part that, "consent is shown by the concurrence of the offer and acceptance of the thing and the cause which are to constitute the contract." 31 L.P.R.A. § 3401. Thus, the traditional elements of offer, acceptance, and consideration in the formation of contract under common law jurisdictions are also reflected in §§ 3391 and 3401 of Puerto Rico's Civil Code.

In this case, the Court had before it evidence of the aforementioned contractual elements, undoubtedly establishing the binding obligations breached by Defendants.

Finally, Article 1061 of the Civil Code of Puerto Rico provides that the indemnity for losses and damages due to a debtor's default to comply with his or her obligation to pay an amount of money shall consist in the payment of the legal interest. See 31 L.P.R.A. § 3025.

The Court notes that, since the Property Registrar has not proceeded to duly qualify and record the mortgage deed object of this case, pursuant to <u>San Juan Credit v. Ramírez</u>, 113 D.P.R.

181 (1982) and First Federal Savings Bank v. Nazario González, 138 D.P.R. 872 (1995), this Court preserves jurisdiction of the case to order the satisfaction of the Judgment sums by way of the execution of the mortgage, once the Property Registrar proceeds to duly record Pramco's mortgage rights. In Nazario González, the Puerto Rico Supreme Court recognized that the personal action is immersed in the real property execution action and that, for such reason, they are not mutually exclusive. The fact that the claim may be satisfied by personal funds or by the execution and public sale of the mortgaged property does not mean that the complaint for such purpose contains more than one action, since both aspects undoubtedly refer to a single claim, with the potential of satisfying the same by way of the property's foreclosure, pursuant to the mortgage deed's terms. See Nazario González, 138 D.P.R. at 880.

Plaintiff Pramco is entitled to judgment as a matter of law against Defendants in the amount of **$741,069.65,** accruing daily interest since **April 8, 2009** at the daily rate of **$106.54**. The Clerk of the Court is **ORDERED** to enter judgment as requested.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this  10  day of ___June___, 2009.


                                   S/ Jay A. Garcia-Gregory
                                   **JAY A. GARCÍA GREGORY**
                                   United States District Judge